UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAM SALAH UDDIN, | : | |
| Plaintiff | : | No. 3:16-CV-2561 |
| vs. | : | (Judge Nealon) |
| CRAIG A. LOWE, ET AL., | : | (Magistrate Judge Saporito, Jr.) |
| Defendant | : | |

FILED
SCRANTON

MEMORANDUM

JUL 1 1 2017


PER _____
DEPUTY CLERK

## BACKGROUND

On December 29, 2016, Petitioner, Alam Salah Uddin, currently being detained under 8 U.S.C. § 1226(a) by the United States Customs and Immigration Enforcement, ("ICE"), at the Pike County Correctional Facility located in Pike County, Pennsylvania, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He is challenging the legality of his detention, which resulted from his illegal entry into the United States from his homeland of Bangladesh, and is requesting that this Court mandate a bond hearing. (Doc. 1).

On January 19, 2017, Respondents issued a response to the petition, and on February 20, 2017, Petitioner filed a reply. (Docs. 4 and 8). On May 9, 2017, Magistrate Judge Saporito, Jr., issued a Report and Recommendation, ("R&R"),

recommending that Plaintiff's appeal[1] from the Commissioner's decision be granted and that a bond redetermination hearing be conducted. (Doc. 10). On May 24, 2017, Petitioner filed objections and an accompanying memorandum of law to the R&R. (Docs. 12 and 13). The matter is now ripe for disposition, and, for the reasons set forth below, the R&R will be not be adopted, the failure to exhaust objection will be sustained, the remaining objections will not be addressed, and the petition for writ of habeas corpus will be granted based on Petitioner's failure to fully exhaust his administrative remedies for his bond redetermination.

## STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

2

offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## DISCUSSION

In his petition, Petitioner is challenging the legality of his detention and requests a bond redetermination hearing based on a change in circumstances in the status of the Bangladesh Nationalist Party, ("BNP"), a group that was recently removed from the Tier III undesignated foreign terrorist organization list on April

6, 2017. (Doc. 10, pp. 2-3).

By way of background, on June 11, 2015, the Immigration Judge, ("IJ"), denied Petitioner's request for bond, and a subsequent appeal to the Board of Immigration Appeals, ("BIA"), was denied. (Doc. 13, p. 3). On February 3, 2016, the IJ considered Petitioner's motion for bond redetermination and denied it pursuant to 8 C.F.R. § 1003.19(e) due to a lack of proof of material change in Petitioner's circumstances. (Id.). This decision was never appealed to the BIA. On February 29, 2016, the IJ determined that Petitioner "is removable and ineligible for asylum and withholding of removal based on his BNP party involvement, concluding that the BNP is an undesignated foreign terrorist organization." (Id. at 4). However, the IJ granted Petitioner's request for deferral of removal because of the likelihood that he would face torture at the hands of the Awami League if he was returned to Bangladesh. (Doc. 10, p. 3). Both parties have filed an appeal to this decision. (Id.). On March 30, 2016, ICE "administratively reviewed [Petitioner]'s custody status and issued a decision continuing his detention until disposition of his appeal to the BIA." (Id. at 4).

On April 6, 2017, the BIA issued a precedential decision that removed the BNP from the undesignated foreign terrorist organization list. (Doc. 13, p. 4); (Doc. 13, Ex. 1, BIA Dec., May 15, 2017 at 9). On May 15, 2017, the BIA

4

determined that Petitioner is "statutorily eligible to seek asylum and withholding of removal because the BNP party is not an undesignated terrorist organization. Without expressing opinion on the ultimate outcome of the case, the BIA remanded the case to the [IJ] to provide the parties an opportunity to update the record and to make additional legal and factual arguments concerning [Petitioner]'s eligibility for relief from removal." (Doc. 13, pp. 4-5); (Doc. 13, Ex. 1, BIA Dec., May 15, 2017 at 9).

In the R&R, Magistrate Judge Saporito, Jr., accurately sets forth the procedural history and factual background. (Doc. 10, pp. 1-4). Ultimately, the Magistrate Judge recommends that the petition be granted because Petitioner has been detained for an unreasonable length of time based on precedential case law, and that he, therefore, is entitled to an individualized bond consideration. (Id. at 10-13). Respondent objects to this conclusion on two grounds: (1) the R&R failed to address the argument that Petitioner failed to administratively exhaust the administrative remedies available to him before filing this instant petition; and (2) the Magistrate Judge "incorrectly granted habeas relief because ICE regulations provide procedures for bond redeterminations to aliens detained under § 1226(a)." (Doc. 14, pp. 5-17).

1. **Administrative Exhaustion**

Generally, a bond hearing may be ordered by this Court if a bond hearing was conducted unlawfully, or where an alien has erroneously been denied a hearing. See Harris v. Herrey, 2013 U.S. Dist. LEXSI 10917, at *3 (D.N.J. Jan. 28, 2013) (a petitioner may seek habeas relief from the court in the form or ordering a bond curative hearing). If bond is denied at a bond hearing, an alien may then seek bond redetermination before an immigration judge. See 8 C.F.R. § 1003.19(e); 8 C.F.R. § 236.1(d)(1) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

In turning to Respondents' argument that Petitioner failed to administratively exhaust his available administrative remedies in regards to bond, this Court notes that this area of the law is somewhat convoluted. It is well-established that "generally a writ of habeas corpus will not issue if the [p]etitioner

6

has not exhausted his administrative remedies." Matthias v. Hogan, 2008 U.S. Dist. LEXIS 112188, at *4 (M.D. Pa. 2008) (McClure, J). However, it has also been established that, when an alien detainee is being held in mandatory detention under 8 U.S.C. § 1226(c), there is no administrative exhaustion requirement concerning bond hearings or redeterminations, but rather only for final removal orders. See Cox v. Monica, 2007 U.S. Dist. LEXIS 44660 (M.D. Pa. June 20, 2017) (Conner, J.).

However, the waters are murky when discussing exhaustion of administrative remedies for bond hearings and redeterminations when an alien is custody based on discretionary detention under 8 U.S.C. § 1226(a), as opposed to those held under mandatory detention under 8 U.S.C. § 1226(c). For guidance on whether Cox should apply to aliens in custody under 8 U.S.C. § 1226(a), this Court turns to the United States Court of Appeals for the Third Circuit, which stated the following:

> Unlike the mandatory detention statute at issue in [Denmore v.] Kim, [538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond

7

> redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009). Thus, it appears that because alien detainees detained under 8 U.S.C. § 1226(a) have individualized detention determinations available to them, as opposed to those held in mandatory detention under 8 U.S.C. § 1226(c), the Third Circuit's opinion in Contant can be read that discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary.

In the case at hand, Petitioner had the available remedy of appealing the IJ's decision to the BIA before filing this petition. However, the record does not indicate that Petitioner filed such an appeal. Moreover, in the light of the fact that the BNP has been removed from the undesignated terrorist organization list, this proof of "circumstances that have changed materially since the prior bond redetermination" means that Petitioner could also file another bond redetermination. Id.; See Gillis v. Decker, 2013 U.S. Dist LEXIS 125991, at *3-4 (M.D. Pa. Sept. 3, 2013) (Rambo, J.) (dismissing a habeas petition without prejudice in the case where the petitioner failed to file a subsequent bond request

per 8 C.F.R. § 1003.19 because he still had remedies to challenge his continued detention before filing a habeas petition). Thus, Petitioner has several available administrative remedies available that should be explored before this Court will entertain a habeas petition.

Based on the foregoing discussion, the Report and Recommendation will not be adopted, the objection relating to failure to exhaust administrative remedies will be sustained, the remaining objections addressing the merits of the petition as discussed in the R&R because the petition will be dismissed on procedural grounds, and the petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should Petitioner exhaust his available administrative remedies as discussed herein.

A separate Order will be issued.

Date: July 11, 2017

/s/ William J. Nealon
United States District Judge